[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11502
Non-Argument Calendar

_____

D. C. Docket No. 04-00243-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABELARDO CUERO ARBOLEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 21, 2005)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Abelardo Cuero Arboleda appeals his 135-month sentence for: (1) aiding and abetting the possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a),(g), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). After review, we affirm.

## I. FACTUAL BACKGROUND

On May 15, 2004, the United States Coast Guard observed a Columbian fishing vessel, the Estrella del Sur, pull up along side a "go-fast" boat near Costa Rica to supply it with fuel and food. Upon seeing the Coast Guard, both the go-fast boat and the Estrella del Sur fled. As the boats fled, the Coast Guard observed the "go-fast" crew drop approximately 30 bales of cocaine into the ocean.[1] After the Coast Guard apprehended the Estrella del Sur, the 8-man crew, including Defendant Arboleda, were arrested.

At sentencing the district court concluded, over the defendant's objection, that the defendant was responsible for at least 150 kilograms of cocaine. With a

---

[1]The Coast Guard recovered one of the bales of cocaine and determined that it contained approximately 20 kilograms of cocaine.

2

criminal history category I and an adjusted offense level of 33, the applicable guidelines range was 135-168 months' imprisonment. After explicitly stating that the guidelines were advisory under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court sentenced Arboleda to 135 months' imprisonment, stating that "the sentence imposed is sufficient, but not greater than necessary to comply with the statutory purposes of sentencing."

## II. DISCUSSION

After Booker, and even under an advisory guidelines scheme, district courts must still correctly calculate the guidelines range when determining a defendant's sentence. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that, after Booker, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines"). Defendant Arboleda's challenge to the district court's factual finding that he was responsible for at least 150 kilograms of cocaine is without merit. The Coast Guard observed the crew of the go-fast boat dumping approximately 30 bales of cocaine into the ocean. The Coast Guard recovered one of these bales and determined that it contained 20 kilograms of cocaine. As the district court determined, the government was likely "conservative in their estimate of how much cocaine was

3

involved here." Thus, we affirm the district court's calculation of Defendant's guidelines range as 135-168 months' imprisonment.

The defendant also argues that the district court erred by treating the guidelines range as mandatory even after <u>Booker</u>.[2] However, as noted above, the district court explicitly stated that the guidelines were advisory under <u>Booker</u>. Furthermore, in sentencing Arboleda to 135 months' imprisonment, the district court stated that "the sentence imposed is sufficient, but not greater than necessary to comply with the statutory purposes of sentencing." Given the record in this case, we cannot conclude that the district court applied the guidelines in a mandatory fashion. Consequently, we affirm Arboleda's 135-month sentence.

AFFIRMED.

---

[2]During the sentencing hearing, the district court stated that

there remains great confusion about all of this [<u>Booker</u> changes to the Sentencing Guidelines]. I am waiting for the people who have the power to finally make up their minds what are we doing. I was around in 1984 when all of this started with the minium mandatories and then the guidelines in '86. I just work here.

I am just trying to follow whatever it is people at higher pay grades are telling me to do. And I don't think we need to add to the confusion. I say that respectfully to all my brothers and sisters that are going off in other different directions here. But we are going to have enough cases coming back now, and we do need to have stability and predictability, so that lawyers can advise their clients.

We don't need guessmanship. So I understand your argument. Please understand what I am trying to do.

It would have been improper for a district court to adopt a post-<u>Booker</u> rule that, in order to establish predictability and stability, sentences would still be within the guidelines range in its particular courtroom. Although the district court's statements arguably provide some support for defendant's contentions, we do not read the district court's statements in this case as creating any such <u>per se</u> rule. Rather, the district court expressly acknowledged that the guidelines were advisory and that "the sentence imposed is sufficient, but not greater than necessary to comply with the statutory purposes of sentencing."

4